UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOUSE FLORES, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:20-cv-01478-GMN-DJA |
| vs. | ) |
| | ) **ORDER** |
| STATE OF NEVADA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is the Petition for Removal, (ECF No. 1), filed by pro se Petitioner Jouse Flores ("Flores"). For the reasons discussed below, Flores's case is remanded.

Federal courts are courts of limited jurisdiction. *In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995). A federal court therefore has a *sua sponte* obligation to ensure that it has subject-matter jurisdiction. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In cases removed from state court, a federal court that finds a lack of subject-matter jurisdiction does not dismiss, but must remand to state court. 28 U.S.C. § 1447(c).

Here, Flores purports to remove two criminal cases from Pahrump Justice Court—Case Nos. "18CR05284, &/or CR9227, & 20NY-2077." (*See* Pet. for Removal at 9–11, ECF No. 1). The Petition for Removal claims that this Court has jurisdiction pursuant to various federal statutes. (*Id.* at 2–4). However, the Petition's reliance on these statutes is misplaced because they only apply to civil matters, not criminal. For example, Flores cites 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all *civil* actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Plaintiff further cites 28 U.S.C. § 1446, which sets forth the procedure for removal of *civil* actions. Indeed, 28 U.S.C. § 1441, which allows for removal of certain state actions, and which Flores cites, is titled "Removal of Civil Actions." In sum, none of the civil statutes under which Flores invokes jurisdiction actually confer jurisdiction over a criminal case. Because the Court lacks subject-matter jurisdiction over Flores's state criminal cases, this matter must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that that Clerk of the Court shall remand this matter to Pahrump Justice Court, Nevada for lack of subject-matter jurisdiction. The Clerk of the Court is directed to mail a copy of this Order to the clerk of that court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case accordingly.

**DATED** this __11__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court